IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY PAGE,

    **Plaintiff,**

                                                          Civil Action 2:17-cv-517
    v.                                   Judge Algenon L. Marbley
                                                    Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL SECURITY,

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Anthony Page ("Plaintiff"), who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 9), the Commissioner's Memorandum in Opposition (ECF No. 11), and the administrative record (ECF No. 5). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

### I.  BACKGROUND

Plaintiff protectively filed his applications for benefits on October 18, 2013, alleging that he has been disabled since April 5, 2010, as a result of a back injury. Following initial administrative denials of Plaintiff's applications, a hearing was held before Administrative Law

Irma J. Flottman (the "ALJ") on August 5, 2015, at which Plaintiff, represented by counsel, appeared and testified.

The ALJ subsequently issued a decision on February 25, 2016, denying Plaintiff benefits. (R. at 25-28.) On April 25, 2017, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision. (R. at 1-3.)

As the Commissioner points out, pursuant to the Court's October 25, 2017 Order and Notice (ECF No. 10), the Court construes Plaintiff's October 19, 2017 filing (ECF No. 9) as his Statement of Errors. Construing this filing liberally, Plaintiff asserts that the ALJ erred in finding that he had no mental diagnosis because he has been diagnosed with schizophrenia. (ECF No. 9 at 3.) He attaches a letter dated May 30, 2017, from Nurse Practitioner Olympia Pinto ("N.P. Pinto") that states as follows:

> Mr. Page was seen at this office on 5/30/17, his current diagnosis is Schizophrenia F20.9. Symptoms were possibl[y] present in Mr. Page[']s early years, and controlled by Mr. Page. When Mr. Page was in the Army, the increase in stress, decreased his ability to control his symptoms . . . [r]esulting in his current psychiatric disorder.

(*Id*. at 5.)

In her Memorandum in Opposition, the Commissioner argues that that N.P. Pinto's May 2017 statement does not warrant remand. The Commissioner points out that Plaintiff fails to explain why he waited until 18 months after the ALJ's decision to submit this statement. The Commissioner further posits that Plaintiff cannot demonstrate that the statement could have changed the ALJ's conclusion that Plaintiff had no mental impairments that significantly affected his work-related functioning.

2

## II. THE ADMINISTRATIVE DECISION

On February 25, 2016, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity since April 5, 2010, his alleged onset date of disability. (*Id.*)

The ALJ found that Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine and a synovial cyst of his right knee. The ALJ indicated that she had considered Plaintiff's mental health allegations, but declined to find that he had severe mental health impairments "due to a lack of objective evidence supporting mental health impairments and associated symptoms as well as consistent and routine treatment by acceptable medical sources . . . ." (R. at 29.) The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> The claimant has the residual functional capacity to lift and carry up to 20 pounds occasionally and 10 pounds frequently. He could stand and/or walk up to 6 hours out of an 8-hour workday and he could sit for up to 6 hours of an 8-hour workday. He would be precluded from climbing ladders, ropes, and scaffolds. The claimant could frequently stoop, crouch, kneel, and crawl.

(R. at 29.)

Relying on the vocational expert's testimony, the ALJ concluded that Plaintiff can perform jobs that exist in significant numbers in the national economy. She therefore concluded that Plaintiff was not disabled under the Social Security Act. (R. at 37.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting

4

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

As set forth above, construing Plaintiff's October 19, 2017 filing liberally, it appears that Plaintiff maintains that the ALJ erred in failing to find that he has severe mental impairment in light of the May 2017 statement from N.P. Pinto he attaches in which N.P. Pinto opines that he has a diagnosis of schizophrenia and that it is possible that he had symptoms in his "early years." (ECF No. 9 at p.5.)

Clearly, the ALJ did not have the benefit of N.P. Pinto's May 2017 statement when she issued her decision in February 2016. The issue, then, is whether N.P. Pinto's May 2017 statement constitutes new and material evidence warranting remand for consideration under sentence six of 42 U.S.C. § 405(g).

Sentence six of 42 U.S.C. § 405(g) provides in relevant part as follows:

The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the

Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42. U.S.C. § 405(g). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citations omitted). The requirements that the evidence be "new" and "material," and that "good cause" be shown for the failure to present the evidence to the ALJ have been defined by the United States Court of Appeals for the Sixth Circuit as follows:

> "For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.' . . . Such evidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.' . . . A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ . . . . [T]he burden of showing that a remand is appropriate is on the claimant."

*Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).

Even assuming that N.P. Pinto's May 2017 statement is new, the undersigned concludes that Plaintiff has failed to establish good cause for failing to timely acquire and present the evidence. Plaintiff fails to offer any explanation for why he did not acquire and submit the at-issue letter until 18 months after the ALJ issued her decision.

Regardless, the undersigned further finds that Plaintiff has failed to satisfy his burden to show that the evidence is material. As noted above, the ALJ concluded that Plaintiff had not satisfied his burden to demonstrate that he has a severe mental health impairment "due to a lack

6

of objective evidence supporting mental health impairments and associated symptoms as well as consistent and routine treatment by acceptable medical sources . . . ." (R. at 29.) As the ALJ points out, at step two of the sequential evaluation process, Plaintiff bears the burden of proving the existence of a severe, medically determinable impairment that meets the twelve-month durational requirement. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Harley v. Comm'r of Soc. Sec.,* 485 F. App'x 802, 803-04 (6th Cir. 2012). "A severe mental impairment is 'established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a plaintiff's] statement of symptoms.'" *Griffith v. Comm'r*, 582 F. App'x 555, 559 (6th Cir. 2014) (quoting 20 C.F.R. § 416.908). Thus, if no signs or laboratory findings substantiate the existence of an impairment, it is appropriate to terminate the disability analysis. *See* SSR 96-4p, 1996 WL 374187, at *2 (July 2, 1996) ("In claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step 2 of the sequential evaluation process set out in 20 CFR 404.1520 and 416.920 . . . ."). Consistently, the Sixth Circuit has advised that "[w]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology." *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) (internal quotation marks and citations omitted).

N.P. Pinto's May 2017 statement falls short for a number of reasons. As the Commissioner points out, N.P. Pinto, who does not specialize in psychological treatment, is an "other source" under the applicable agency regulations such that she cannot establish a medically determinable impairment. *See* SSR 06-3p, 2006 WL 2329939, at *2 ("[W]e need evidence from

7

'acceptable medical sources' to establish the existence of a medically determinable impairment." (citations omitted)). Moreover, N.P. Pinto produced no medical evidence consisting of signs, symptoms, and laboratory findings to substantiate her diagnosis. Finally, "[t]he mere diagnosis of [the condition] . . . says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). N.P. Pinto's opinion that Plaintiff may have exhibited symptoms in his "early years," fails to provide any insight as to whether his diagnosed schizophrenia impacted his work-related functioning during the relevant period. On this point, however, the ALJ reviewed the medical record and concluded that it fails to document any such impairment. (*See* R. at 28-29.)

In summary, the undersigned concludes that Plaintiff has failed to satisfy his burden to establish with a reasonable probability that the ALJ would have altered her determination upon consideration of N.P. Pinto's May 2017 statement. It is therefore **RECOMMENDED** that the Court **DENY** Plaintiff's request to order a § 405(g) sentence six remand.

## V. DISPOSITION

Based on the foregoing analysis, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and the Commissioner's decision **AFFIRMED**.

## VI. PROCEDURES ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE